UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES ALTSTATT and KIM EILEEN GLAZZARD,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:18-cv-00150 JAM AC (PS)<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiffs are proceeding in this action pro se, and the case was accordingly referred to the Magistrate Judge by Local Rule 302(c)(21). The case is before the court on multiple motions. Each defendant in this matter has brought a motion to dismiss: ECF No. 9 (City of Sacramento), ECF No. 21 (Hon. Kevin Culhane, Hon. Robert C. Hight, and Superior Court of the State of California, Sacramento County (collectively, "Judicial Defendants")), ECF No. 24 (Gov. Jerry Brown), ECF No. 46 (Kip Procter), and ECF No. 48 (Chad Eggen, Adrian Carpenter, Aaron Israel, Beau Parkhurst, Matthew Ruyak, James Sanchez, Shawn Bartosh, Howard Chan, Larry Eccleston, Jose Mendez, Robert Rose, Ricardo Vargas, Linda Douglas (joined at ECF No. 59), and Julia Mason (joined at ECF No. 51) (collectively, "City Employee Defendants")). Each of these motions has been fully briefed and all oppositions and replies have been considered. The undersigned recommends that each of these motions to dismiss be GRANTED.

Also before the court are several motions from plaintiffs: motion for preliminary judicial determination (ECF No. 3), verified criminal information and ex parte motion (ECF No. 55), motion to re-set hearing (ECF No. 61), and motion to consolidate cases (ECF No. 67). Because defendants' motions to dismiss are granted and because this matter was taken under submission without a hearing (ECF No. 64), the motions at ECF Nos. 3 and 61 are DENIED as MOOT. Plaintiffs' verified criminal information and ex parte motion (ECF No. 55) and motion to consolidate cases (ECF No. 67) are also DENIED.

### I. BACKGROUND

#### A. Allegations of the Complaint

Plaintiffs filed their 138 page complaint on January 23, 2018. ECF No. 1. Plaintiffs bring this complaint pursuant to 42 U.S.C. § 1983, § 1985, § 1988, and the Supremacy Clause to vindicate their rights in challenging "city ordinances, statutes, civil and court rules for the [S]tate of California." ECF No. 1at 1. Plaintiffs also assert multiple state law causes of action. The complaint alleges that Altstatt is a 79 year old male who lives with his roommate, Glazzard, on private property that has been owned by his family since 1951. ECF No. 1 at 9. Plaintiff allege that "on repeated occasions over a twenty-year period, Defendants have trespassed upon [Altstatt's] private land" with knowledge of his written and verbal objections. Id. Plaintiffs allege defendants have done so under color of authority and have participated in "acts of harassment, abuse, unreasonable search, and inflicting unreasonable punishment against Plaintiffs" as part of a plan to generate revenue for the City of Sacramento. Id.

Plaintiffs allege that a neighbor, defendant Kip Proctor, has been encouraged by a rewards system to file complaints with the City against plaintiffs, and that all defendants are party to a conspiracy to harass plaintiffs to generate revenue for the City. Id. at 10-11. Plaintiffs allege Proctor used undue influence with the City to further a personal vendetta against Altstatt for over two decades. Id. at 11.

#### B. The Claims

Plaintiffs bring a total of seventeen claims against defendants: (1) Emergency and Permanent Injunctive Relief (Defendants Proctor, City, Superior Court, Attorney Defendants,

Hight and Culhane); (2) Declaratory Judgment Determining the Duties, Obligations, Rights and Immunities between Plaintiffs and the City of Sacramento, a Municipal Corporation (Defendant: City); (3) Challenge to the Constitutionality of California Rules of Civil Procedure 1822.52, as written, for direct conflict with the Due Process and Equal Protection clauses of the Fourteenth Amendment (Defendant: Brown, City); (4) Challenge to the Constitutionality of California Civil Rules 3.1200 through 3.1206 and California Rules of Civil Procedure 1822.50 through 1822.56 as applied (Defendants: Brown, City, Superior Court, and Attorney Defendants); (5) Challenge to the Constitutionality of City of Sacramento Ordinances 8.04.100(A and E) and 8.100.650, as written and as applied by the named Defendants (Defendants: Brown, City, Parkhurst, Israel, Carpenter, City); (6) Declaratory Judgment Superior Court Orders and Warrants are Void for Lack of Personal Jurisdiction (Defendants, City, Parkhurst, Sanchez, Israel, Carpenter, Ruyak, Hight and Culhane); (7) Common Law Trespass (Defendants: Proctor, City, Brown, Attorney Defendants and Code Enforcement Defendants); (8) Vindication of Rights for Violations of the Limitations Created by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments (Defendants City, Attorney Defendants, Code Enforcement Defendants, Hight and Culhane); (9) Vindication of Rights for Violations Under Color Of Law 42 U.S.C. § 1983, 1985, 1988 (Defendants City, Attorney Defendants, Code Enforcement Defendants, Hight and Culhane); (10) Common Law Fraud (Defendants City, Proctor, Attorney Defendants, Code Enforcement Defendants); (11) Fraud, Waste and Abuse (Defendants: City, Proctor, Eggen, Attorney Defendants, Code Enforcement Defendants); (12) Fraud by Omission and Fraudulent Concealment (Defendant City, Attorney Defendants, Superior Court); (13) Abuse of Legal, Legislative, and Regulatory Process (Defendants City, Attorney Defendants, Code Enforcement Defendants); (14) Common Law Breach of Contract (Defendant City); (15) Intentional Infliction of Emotional Distress (Defendants City, Proctor, Individual Defendants); (16) Negligent Infliction of Emotional Distress (Defendants City, Individual Defendants); (17) Libel and Defamation of Character (Defendants City, Proctor, Individual Defendants). ECF No. 1 at 13-53.

////

////

## II. MOTIONS TO DISMISS

Each of the 20 named defendants in this case brings a motion to dismiss, each asserting various grounds for dismissal. ECF No. 9 (City of Sacramento), ECF No. 21 (Judicial Defendants), ECF No. 24 ( Gov. Jerry Brown), ECF No. 46 (Kip Procter), and ECF No. 48 (City Employee Defendants). The motions from the Judicial Defendants and Governor Jerry Brown (ECF Nos. 21 and 24) are based on immunity from suit. The remaining motions seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8.

### A. Judicial Defendants' Motion to Dismiss (ECF No. 21)

Defendants Superior Court of California, Judge Kevin Culhane, and Judge Robert Hight move for dismissal of all claims against them on grounds of judicial immunity and Eleventh Amendment immunity. ECF No. 21. The undersigned agrees that Judges Culhane and Hight are protected from suit by absolute judicial immunity, and that the Superior Court is protected by the Eleventh Amendment. Thus, the claims against each of these defendants must be dismissed with prejudice.

Judges Culhane and Hight are immune from suit for actions they took in their judicial capacity. The immunity of judges from liability for damages for acts committed within their judicial jurisdiction is firmly established. Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000) (overruled in part on other grounds as recognized in Harvey v. City of Navajo, 586 F. App'x 368, 369 (9th Cir. 2014)). Judicial officers generally cannot be sued in federal courts. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Judicial immunity is overcome only when a judge's actions are either: (1) non-judicial in nature, or (2) taken in the complete absence of all jurisdiction. Stump, 435 U.S. at 356–57; Forrester v. White, 484 U.S. 219, 227–29 (1988). "The Supreme Court has clearly held that as long as a judge has jurisdiction to perform the 'general act' in question, he or she is immune 'however erroneous the act may have been, ... however injurious in its consequences it may have proved to the plaintiff' and irrespective of the judge's motivation." Harvey, 210 F.3d at 1012. The scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. Stump, 435 U.S. at 356.

////

Here, plaintiffs assert that Judge Culhane and Judge Hight presided over "applications for inspection warrants" in the Superior Court of California. ECF No. 1 at ¶ 71. They allege that "Hight and Culhane held hearings the same day the application was filed, and the Superior Court, Hight and Culhane issued warrants without personal jurisdiction or a factual showing of immediate danger." ECF No. 1 at 23. These unquestionably judicial acts form the basis of the claims against Judge Culhane and Judge Hight. Accordingly, plaintiffs cannot overcome immunity on grounds that the challenged acts are non-judicial in nature. Stump, 435 U.S. at 356. Neither can plaintiffs prevail on the theory that defendants acted in the "absence of all jurisdiction." The complaint alleges that Judge Culhane and Judge Hight lacked "personal jurisdiction" because plaintiffs were not "personally served or given an opportunity to participate in the hearing [on the inspection warrant applications]" (ECF No. 1 at 29); this conclusory assertion does not suffice. The complaint clearly establishes that plaintiffs live in California. The argument that the judges acted in the absence of jurisdiction because they acted without providing notice and a hearing has been rejected by the Supreme Court and this Circuit. See Harvey, 210 F.3d at 1012 ("[Plaintiff] . . . contends that Judge Hernandez is not entitled to immunity because he 'acted in complete absence of jurisdiction' when he ordered the disposal of [Plaintiff's] property without notice and a hearing. We disagree."). Here, there are no facts alleged or offered to suggest that Judge Culhane or Judge Hight did not have jurisdiction to perform the general acts in question. Accordingly, the claims against Judge Culhane and Judge Hight are barred by judicial immunity and must be dismissed with prejudice.

The Superior Court of California moves for dismissal on grounds of Eleventh Amendment immunity. The Eleventh Amendment provides that "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." As interpreted by the Supreme Court, the amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent, even if the plaintiff is a citizen of the defendant state. Hans v. Louisiana. 134 U.S. 1, 15 (1890); Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991). Absent a waiver, state

immunity extends to state agencies. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142–46 (1993). The Superior Court is an arm of the State of California and suit against it is barred pursuant to the Eleventh Amendment. Simmons v. Sacramento County Super. Ct. , 318 F.3d 1156, 1161 (9th Cir.2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees) because such suits are barred by the Eleventh Amendment."). Claims against the Superior Court are barred and must be dismissed with prejudice.

B. Defendant Gov. Jerry Brown's Motion to Dismiss (ECF No. 24)

Defendant Jerry Brown, Governor of the State of California, moves to dismiss on the grounds that he is protected by Eleventh Amendment Immunity. ECF No. 24 at 9. The undersigned agrees that the Eleventh Amendment requires dismissal of plaintiff's claim against Gov. Brown. As discussed above, the Eleventh Amendment bars suits that seek damages against a state, an arm of the state, its instrumentalities, or its agencies. Durning, 950 F.2d at 1422-23. The Eleventh Amendment also bars damages actions against state officials in their official capacity. See Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007).

Here, Governor Brown is sued solely in his "official capacity." See ECF No. 1 at 6, ¶ 25 ("Defendant, Jerry Brown, . . . the current holder of the Office of the Governor of California, and is sued in his official capacity."). Plaintiffs did not sue Gov. Brown in his personal capacity, in contrast to the several defendants that plaintiffs did sue in their personal capacity for individual acts. See id. at ¶¶ 28-30, 32-36, 40-42, 44-46. The Eleventh Amendment bars suit against Governor Jerry Brown in his official capacity; plaintiffs' claims against defendant Gov. Jerry Brown must be dismissed with prejudice.

C. City Employee Defendants' Motion to Dismiss (ECF No. 48)

a. Legal Standard for Pleadings Under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In a plausible claim, "the plaintiff pleads factual

6

content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 545); see also Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). The court must accept plaintiffs' factual allegations as true, but is not required to accept plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. Courts are not required to accept as true legal conclusions that are framed as factual allegations. Id. Complaints by plaintiffs proceeding pro se are construed liberally when being evaluated under Iqbal, with the plaintiff afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

b. Judicial Notice and Treatment of Proposed Exhibits

The plaintiffs have attached several documents to their complaint (ECF No. 1 at 99-139, Ex. A-F), and the City Employee Defendants have asked the court to take judicial notice of a copy of plaintiff Altstatt's April 10, 2017 claim filed with the City, whioch has been submitted together with an authenticating declaration from the Risk Manager for the City of Sacramento. ECF Nos. 48-2 and 48-3. "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss," Van Buskirk v. Cable News Network, 284 F.3d 977, 980 (9th Cir. 2002), and cannot "consider[ ] evidence outside the pleadings." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). However, exceptions exist for "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice," which a court may properly consider "without converting the motion to dismiss into a motion for summary judgment." Id. (citations omitted). A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," and "[c]ourts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute" and "some public records." Id. at 908-09 (citations and internal quotation marks omitted).

The court will consider plaintiff's exhibits because they are attached to the complaint. Ritchie, 342 F.3d at 909. The court will take judicial notice of the City Employee Defendants'

proposed exhibit because it is a public record properly authenticated by the attached declaration. Id.

   c. <u>State Claims Dismissed for Failure to Comply with Government Claims Act</u>

Plaintiffs' complaint asserts eight state law claims (Seventh, Tenth, and Twelfth through Seventeenth causes of action) against defendants Officer Chad Eggen, Adrian Carpenter, Aaron Israel, Beau Parkhurst, Matthew Ruyak, James Sanchez, Shawn Bartosh, Howard Chan, Larry Eccleston, Jose Mendez, Robert Rose and Ricardo Vargas. Because plaintiffs failed to comply with the California Government Claims Act, Cal. Gov. Code § 900, et. seq., these claims are barred. Because they are barred, these claims must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

"Before a person can sue a public entity or public employee for money damages for actions taken within the scope of the person's employment, he or she must first file a government claim pursuant to the [California Government Claims Act]." <u>Robinson v. Alameda County</u>, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012). The Government Claims Act must be satisfied even if the public entity has actual knowledge of the circumstances surrounding the claim. <u>Id.</u> "It is not the purpose of the claims statute to prevent surprise. Rather, the purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and settle them, if appropriate, without the expense of litigation." <u>Gong v. Rosemead</u>, 226 Cal. App. 4th 363, 374 (2014) (internal citations omitted). The failure to timely present a proper claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity. <u>Id.</u>

Here, the City Employee Defendants have presented evidence that plaintiff Glazzard has never filed a claim with the City regarding said defendants, and while Plaintiff Altstatt did file a claim, his claim was untimely filed. <u>See</u> ECF 48-3, City Employee Defendants' Exhibit A. Pursuant to California Government Code section 911.2, a claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of

the cause of action.  While Plaintiff Altstatt did allege in his Affidavit that he filed a claim, and in fact did so, that claim identifies September 3, 1997 as the accrual date of his claim(s).  ECF No. 48-3 at 6.  Because Plaintiff Altstatt's claim was not filed with the City until April 10, 2017 it was untimely on its face.  Id.  Plaintiffs' failure to properly and timely comply with the Government Claims Act bars their state claims against the City Employee Defendants, and these claims must be dismissed without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6).

d.  Legal Standard and Dismissal of Pleadings Under Fed. R. Civ. P. 8

Federal Rule of Civil Procedure 8 sets forth the basic pleading standard in federal courts.  To comply with Rule 8, a complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

It is well settled that an effective pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer.  Grid Systems v. Texas Instruments. Inc., 771 F.Supp. 1033, 1037 (9th Cir. 1991).  Pleadings filed by pro se litigants are held to "less stringent standards than formal pleadings by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (internal citations omitted).  Nonetheless, to avoid dismissal under Rule 8, pro se pleadings "must [still] meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Plaintiffs' remaining federal causes of action[1] against the City Employee Defendants for alleged constitutional violations (Fifth, Eighth, and Ninth causes of action) are presumably brought under 42 U.S.C. § 1983, which states, in pertinent part:

---

[1] All of plaintiffs' claims are either state or federal claims.  Federal claims are enumerated here; plaintiffs' remaining claims against the State Employee Defendants are construed as state claims and must be dismissed with prejudice as discussed above.

> [e]very person who, under color of [state law] subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress…

ECF No. 1 at ¶5. Although the court can discern this much, plaintiffs' voluminous complaint does not clearly specify how each individual City Employee Defendant violated plaintiffs' constitutional rights. In the body of their complaint plaintiffs make broad, conclusory statements regarding defendants' "unlawful and criminal trespass upon Daniel's property based solely on presumption of authority." These statements do not suffice to put defendants on notice of the particular claims against them. See id. at 36, ¶ 204. In a separate section within the claims portion of their complaint plaintiffs include an "Acts of Trespass" list which makes further generalized and conclusory statements, followed by particular alleged incidences of "trespass," some of which name particular individuals. Id. at 64-84. The narrative, lengthy, disjointed, and conclusory nature of these allegations make it difficult for the court, and defendants, to separate the claims and understand the nature of each individual defendant's alleged violation. Plaintiffs' complaint does not meet the "minimum threshold" of "providing a defendant with notice of what it is that it allegedly did wrong." Brazil, 66 F.3d at 199. The court and defendants need to be able to understand the complaint without having to resort to creating charts to simply understand what, specifically, is being alleged against whom. Thus, the undersigned must recommend dismissal of plaintiffs' complaint.

Although plaintiffs' failure to present a complaint that conforms to the Federal Rules of Civil Procedure requires dismissal, their pro se status dictates they be given leave to amend unless the court finds amendment would be futile. Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal citation omitted)). Leave to amend on plaintiffs' federal claims is appropriate here, with the limitations described below.

////

### e. Federal Claims Are Limited by Time Bar

Plaintiffs' remaining federal constitutional claims, while subject to amendment as discussed above, are subject to a statute of limitations that limits their permissible factual basis. Subject to certain limited exceptions, see Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 701 (9th Cir. 2009), legal claims must be brought within the applicable statute of limitations in order to be actionable. Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist., 935 F. Supp. 2d 968, 979 (E.D. Cal. 2013) ("A party may raise a statute of limitations argument in a motion to dismiss if it is apparent from the face of the complaint that the complaint was not timely filed and that plaintiff will be unable to prove facts that will establish the timeliness of the claim.") The Ninth Circuit has emphasized a cause of action for violation of civil rights under 42 U.S.C. § 1983 accrues when the plaintiff suffers the deprivation of rights, even if the plaintiff is unaware that the harm is the result of unconstitutional action. Lukovsky v. City & County of San Francisco, 535 F3d 1044, 1049 (9th Cir. 2008).

Although 42 U.S.C. § 1983 does not provide any limitation period in which to bring an action, relying on 42 U.S.C. § 1988, courts borrow the personal injury statute of limitations of the state in which the action arose. Owens v. Okure, 488 U.S. 235 (1989). The Ninth Circuit has held that 42 U.S.C. § 1983 actions in California are governed by the 1-year personal injury limitation period of former California Code of Civil Procedure § 340(3). Del Percio v. Thornsley, 877 F2d 785 (1989). Effective January 1, 2003, personal injury actions in California are subject to a 2-year statute of limitations. California Code of Civil Procedure § 335.1. Therefore, 42 U.S.C. § 1983 actions in California are now governed by a 2-year statute of limitations.

As discussed above, plaintiffs' federal causes of action are dismissed subject to leave to amend. In light of the time bar, plaintiffs' amended complaint, and any causes of action based thereupon, is limited to only that conduct occurring on or after January 23, 2016 (2 years prior to the filing of the complaint). All causes of action based on earlier conduct are time barred and amendment to any such cause of action based on such conduct would be futile.

////

////

### f. Plaintiff Glazzard's Standing

The City Employee Defendants argue that plaintiff Glazzard does not have standing to pursue this case. The doctrine of standing is comprised of both constitutional (Article III) requirements and "prudential" considerations. Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979). "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between himself and the defendant. In order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Id. (citations omitted). Article III requirements are mandatory; those who do not have Article III standing may not litigate in federal court. Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 US 464, 475-476 (1982). For a plaintiff to show that she has a "a case or controversy" against a defendant such that she has standing to bring a cause of action, a plaintiff must show an "injury in fact" which is concrete and particularized, a causal connection between the injury and the conduct complained of, and the likelihood the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). Standing generally requires a showing that plaintiff has suffered actual loss, damage or injury to her own interests, to assure she has a sufficient stake in the outcome of the case. Gladstone, 441 U.S. at 100.

Defendants argue that because plaintiff Glazzard admits she has no property rights in the real property at issue (ECF No. 1 at 120), she does not have standing to bring any claims. The present complaint is too convoluted in its recitation of facts to permit a determination whether or not plaintiff Glazzard can allege personal harm to her own constitutional rights such that she would have standing to pursue a case. Because the claims of both plaintiffs must be dismissed for failure to comply with Fed. R. Civ. P. 8, the undersigned need not reach the question of Glazzard's standing at this time. Her standing must be determined on the facts of an amended complaint, should plaintiffs choose to bring one. The undersigned cautions plaintiff Glazzard, however, that should she file an amended complaint, such complaint must clearly demonstrate that she has independent standing to pursue this case.

1    D.    City of Sacramento's Motion to Dismiss (ECF No. 9)

The City of Sacramento, like the City Employee Defendants, moves to dismiss on Government Claims Act and Rule 8 grounds. ECF No. 9. The above discussion regarding those issues applies with equal force to the claims brought against the City, and is incorporated here on all points. The City's motion to dismiss must be GRANTED and all of plaintiffs' claims against the City must be dismissed for failure to comply with the Government Claims Act, and for failure to comply with Fed. R. Civ. P. 8. As with the claims against the City Employee Defendants, only plaintiff's federal claims against the City (plaintiffs' Third, Fourth, Fifth, Eighth and Ninth causes of action) could potentially be cured by amendment, and only as to conduct occurring on or after January 23, 2016. As discussed above, plaintiffs' amended complaint must comply with the Federal Rules, as well as this court's orders and the Local Rules of this court.

E.    Defendant Kip Proctor's Motion to Dismiss (ECF No. 46)

Plaintiffs' state law claims against defendant Proctor (First, Seventh, Tenth, Eleventh, Fifteenth, and Seventeenth causes of action) each fail under Fed. R. Civ. P. 8. Plaintiffs assert that defendant Proctor is "being sued in his person for the purposes of enjoining criminal trespass and instigation of additional false complaints as a means of harassment of Plaintiffs and their right of reasonable expectation of privacy." ECF No. 1 at 6. Plaintiffs allege that Proctor is their neighbor, and he "used undue influence with the City, its agents and administrative procedures as tools to continually harass Plaintiffs over two decades in furtherance of his violent personal vendetta against Daniel." Id. at 11. Plaintiffs further allege that "Proctor through his repeated harassment and undue influence eventually convinced the individual Defendants named [in the complaint] to make it their own personal mission to impose their will upon and dominion over Plaintiffs and to breach the limitations imposed upon them by the C.U.S.A ." Id. at 12.

The discussion above with respect to the requirements of Fed. R. Civ. P. 8 applies with equal force to plaintiffs' claims against defendant Proctor and is incorporated here. Each of plaintiffs' claims against defendant Proctor is largely incoherent, and none satisfy the requirements of Rule 8. From plaintiffs' complaint, the court can discern that defendant Proctor made complaints with the City or other entities that plaintiffs believe violated their rights, but the

13

lengthy, conclusory, narrative nature of the complaint obscures exactly what actions defendant Proctor took, or how those actions violated any of either plaintiff's rights. See, e.g., ECF No. 1 at 11-13. For this reason, the causes of action against defendant Proctor must be dismissed with leave to amend for their failure to comply with Fed. R. Civ. P. 8.

As with the causes of action against the City Employee Defendants and the City, which must be dismissed subject to amendment as discussed above, plaintiffs must limit allegations against Proctor in their amended complaint to conduct that occurred within the limitations period for each claim brought.[2] As discussed above, the statute of limitations for personal injury claims (such as Intentional Infliction of Emotional Distress) requires that such claims be limited to conduct occurring on or after January 23, 2016. Plaintiffs' claim of defamation/libel is limited to actions that occurred on or after January 23, 2017 because a defamation action must be brought within one year of the date of publication. See Cal. Civ. Proc. Code § 340(c). Trespass claims must be brought within three years of the alleged injury. Cal. Civ. Proc. Code §338(b). Thus, plaintiffs' trespass claim is limited to actions occurring on or after January 23, 2015.

F. Amending the Complaint

If plaintiffs choose to amend their complaint, the amended complaint must contain a short and plain statement of plaintiffs' claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiffs must avoid excessive repetition of the same allegations. Plaintiffs must avoid narrative and storytelling. That is, the complaint should not include every detail of what

---

[2] Because the Government Claims Act does not bar the state causes of action against defendant Proctor as it does with the City and the City Employee Defendants, plaintiffs may amend each of their claims against Proctor in an amended complaint, subject to time bar limitations.

14

happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiffs' hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiffs' amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PLAINTIFFS' MOTIONS

Plaintiffs have four motions pending. Plaintiffs' motion for a preliminary judicial determination (ECF No. 3) is MOOT and must be denied in light of this court's determination above regarding defendants' motions to dismiss. Plaintiffs' motion to re-set the hearing on defendants' motions to dismiss (ECF No. 61) is MOOT because the matters were each submitted on the papers without hearing.

Plaintiffs' "Verified Criminal Complaint and Ex Parte Motion" (ECF No. 55) was improperly noticed and, upon review, is not a proper motion but instead an improperly filed

objection to the motion to dismiss at ECF No. 48. This motion therefore must be DENIED. Local Rule 230. Plaintiffs' "Motion to Consolidate Cases" (ECF No. 67) was also improperly noticed per Local Rule 230. Further, upon review of the allegedly related cases (2:18-cv-00333-MCE-GGH and 2:17-cv-02029-JAM-DB) the undersigned finds no reason for consolidation. Each of the allegedly related cases was removed by plaintiffs from state court and motions to remand are pending in each. There is no indication that the issues in each of these cases are intertwined such that the separate resolution of each case would lead to inconsistent judgments. Thus, the motion to consolidate at ECF No. 67 is DENIED.

## IV. CONCLUSION

Based on the discussion above, it is hereby ORDERED that:

1. Plaintiff's motions at ECF Nos. 3, 55, 61 and 67 are DENIED.

Further, IT IS HEREBY RECOMMENDED that:

1. Hon. Kevin Culhane, Hon. Robert C. Hight, and the Supereior Court of the State of California's motion to dismiss (ECF No.21) be GRANTED and all claims against them be DISMISSED with prejudice;
2. Defendant Gov. Jerry Brown's motion to dismiss (ECF No. 24) be GRANTED and all claims against him be DISMISSED with prejudice;
3. The State Employee Defendants' motion to dismiss (ECF No. 48) be GRANTED and all claims be dismissed against them. State claims should be dismissed with prejudice, and federal claims (the Fifth, Eighth, and Ninth causes of action) should be dismissed with leave to amend as to any conduct occurring on or after January 23, 2016;
4. The City of Sacramento's motion to dismiss (ECF No. 9) be GRANTED and all claims against the city DISMISSED, with limited leave to amend on plaintiffs' Third, Fourth, Fifth, Eighth and Ninth causes of action for conduct occurring on or after January 23, 2016; and
5. Kip Proctor's motion to dismiss (ECF No. 46) is GRANTED and all claims against him be dismissed with leave to amend, subject to the applicable statute of limitations (conduct occurring on or after January 23, 2016 for personal injury, January 23, 2015 for trespass,

| | |
|---|---|
| 1 | and January 23, 2017 for defamation). |
| 2 | These findings and recommendations are submitted to the United States District Judge |
| 3 | assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one |
| 4 | (21) days after being served with these findings and recommendations, any party may file written |
| 5 | objections with the court. Such document should be captioned "Objections to Magistrate Judge's |
| 6 | Findings and Recommendations." Local Rule 304(d). Failure to file objections within the |
| 7 | specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 |
| 8 | F.2d 1153 (9th Cir. 1991). |
| 9 | DATED: May 17, 2018 |
| 10 | /s/ Allison Claire |
| 11 | ALLISON CLAIRE<br>UNITED STATES MAGISTRATE JUDGE |